BEER, Judge.
Decedent, Jesse Taylor, was born in Mississippi in 1949. In 1953, his mother, Lulia Scott (“Lula”) Taylor, died, at which time her sister, appellant here, Fannie Scott Atkins, brought Jesse home with her. Thereafter, he was raised with the other children of Fannie Scott Atkins.
He joined the U. S. Army when he was 21 years of age and, while on active military service, suffered injuries which led to his intestate death on January 1, 1975.
Escarb Taylor and Jacob Taylor have alleged that they are the natural brothers of decedent and, accordingly, his closest living relatives. As such, they have successfully opposed a tableau of distribution which would recognize appellant Atkins’ claim as a creditor of the estate for services which she allegedly rendered to decedent from the time that he was 4 years of age until the time that he was approximately 21 years of age. She appeals.
In essence, Jesse Taylor’s entire estate consists of the proceeds of certain government life insurance policies and interest accrued thereupon totalling approximately $35,000.
Appellant Atkins here seeks reversal of the trial court’s judgment of May 26, 1978, exempting the above noted proceeds from her claim as decedent’s creditor based upon her allegations of the care and attention he received during the period of approximately 17 years when he was raised in her home (i. e., from the time that he was 4 until the time that he was approximately 21 and joined the U. S. Army).
The proceeds of two insurance policies with which we are here concerned have been paid, properly we are convinced, to the estate of Jesse Taylor.
Pretermitting any conclusion as to the overall validity of appellant’s claim as a creditor of decedent’s estate for the services that she rendered to him from the time that he was 4 until the time that he was 21, we conclude that the able trial judge has correctly relied upon the applicable provisions of LSA-R.S. 22:647 by exempting all proceeds of the insurance policies hereinabove described from appellant Atkins’ claim as a creditor of the estate.
The judgment is affirmed.

AFFIRMED.